# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| ANDREA THREADFORD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 2:16-cv-01665-JEO |
| UAB HEALTH SYSTEM, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION

This case is before the Court on defendant UAB Health System's motion to dismiss the plaintiff's complaint. (Doc. 19). The plaintiff has not opposed or otherwise responded to the motion. As discussed below, the motion to dismiss is due to be granted.

## DISCUSSION

The plaintiff filed her complaint against UAB Health System on October 11, 2016, alleging "repeated violations" of the Fair Debt Collection Practices Act and the Telephone Consumer Protection Act, along with invasion of privacy. (Doc. 1). Her claims are based on UAB Health System's alleged "illegal efforts to collect a consumer debt." (*Id.* at ¶ 2). Specifically, the plaintiff alleges that UAB Health System "repeatedly and willfully made a number of harassing calls" to her cellular telephone in an effort to collect the debt. (*Id.* at ¶ 9).

UAB Health System answered the complaint on November 28, 2016. (Doc. 5). In its answer, UAB Health System expressly stated that it is "a separate and distinct entity from The Board of Trustees of the University of Alabama for the University of Alabama Hospital" and that it is "not a provider of medical services or other services to the public for which it would seek to collect on patient accounts." (*Id.* at 5).

On March 22, 2017, the Court entered a Scheduling Order that incorporated the discovery and pleading deadlines the parties had agreed to in their planning meeting report. (Doc. 13). The Scheduling Order established May 8, 2017, as the deadline for the plaintiff to add any causes of action or parties. (*Id.* at ¶ 1).

On April 14, 2017, UAB Health System served its Initial Disclosures on the plaintiff. In its Initial Disclosures, UAB Health System informed the plaintiff that the telephone calls that formed the basis of her complaint were not collection calls for unpaid hospital bills, but rather were "calls made as part of a federally sponsored COPD research trial conducted by The Board of Trustees of the University of Alabama for the University of Alabama at Birmingham (UAB) as a sub-contractor of National Jewish Health." (Doc. 15 at ¶ 4). UAB Health System also informed the plaintiff that it "does not manage or coordinate any operations of UAB and had no involvement in the research trial." (*Id.*)

On August 21, 2017, the plaintiff filed a motion to substitute The Board of Trustees of the University of Alabama (the "Board") as the proper party defendant. (Doc. 14). In its motion, the plaintiff admitted that "[p]ursuant to initial disclosures provided by the Defendant, it appears the proper name for Defendant should be 'The Board of Trustees of the University of Alabama.'" (*Id.* at ¶ 3).

UAB Health System opposed the plaintiff's motion to substitute, reiterating that UAB Health System and the Board are "separate entities with different registered agents and different corporate addresses." (Doc. 15 at ¶ 7). UAB Health System argued that the plaintiff should have made the substitution of parties prior to the May 8, 2017, deadline for amending the pleadings and that the plaintiff had offered no reason or good cause for not having done so. (*Id.* at ¶ 9). The Court agreed with UAB Health System and denied the plaintiff's motion to substitute the Board as the proper defendant. (Doc. 18).

UAB Health System has now moved the Court to dismiss the plaintiff's complaint. (Doc. 19). In light of the plaintiff's admission that she should have brought her claims against the Board, and given the undisputed evidence that UAB Health System and the Board are separate entities, UAB Health System's motion is due to be GRANTED. UAB Health System is the wrong defendant. A separate order dismissing this action will be entered.

**DATED**, this 22nd day of December, 2017.

_____
**JOHN E. OTT**
Chief United States Magistrate Judge